UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELLEY JOHNSON, on Behalf of Her Minor Son B.C., Individually and on Behalf of All Others Similarly Situated | ) ) ) | CASE NO.: |
| | ) | JUDGE: |
| Plaintiff | ) ) | |
| vs. | ) ) | |
| WAL-MART STORES EAST, INC. | ) ) | CLASS ACTION COMPLAINT |
| *Serve:* CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant | ) ) | |

Plaintiff Shelley Johnson ("Plaintiff"), on behalf of her minor son B.C., and individually and on behalf of all others similarly situated, by and through Counsel, brings this Class Action Complaint against Defendant Wal-Mart Stores East, Inc. ("Defendant"), and upon information and belief and investigation of Counsel, state as follows:

## INTRODUCTION

1.      This is a Class Action Complaint against Wal-Mart Stores East, Inc. (hereinafter "Wal-Mart" or "Defendant"), for damages and injunctive relief arising from Defendant's violations of Ohio law, including Ohio's Product Liability Act ("OPLA") Ohio Rev. Code § 2307.71 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA") Ohio Rev. Code § 1345.01 *et seq.*, as well as analogous common and products liability protection laws in each state in which they operate.

2.      In addition, Plaintiff's minor son B.C. has suffered personal injuries and brings a claim for his individual physical injuries.

3.      The subject matter of this action is a Mainstays patio set designed, manufactured, marketed, sold and warranted to the general public by Wal-Mart online and in its stores throughout Ohio and the United States.

4.      Plaintiff and members of the proposed class include owners of the Mainstays patio sets at issue in this Complaint, containing an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger amputation.

5.      Defendant knew or should have known the Mainstays patio set was inherently defective in design and/or manufacturing, was not fit for their intended and ordinary use, was not merchantable, and failed to perform in accordance with the advertisements, marketing materials and warranties disseminated by Defendant, or with the reasonable expectations of ordinary consumers such as the Plaintiff and the proposed class.

6.      In fact, Defendant Wal-Mart recalled a reported 73,000 units of Mainstays five-piece card table and chair set, nearly identical to the patio set at issue in this Complaint and also manufactured by Defendant because the chairs could suddenly and unexpectedly collapse. According to the U.S. Consumer Product Safety Commission (CPSC), "The chairs can collapse unexpectedly, posing a fall hazard and a risk of finger injury, including finger amputation."[1] Walmart issued the recall after receiving adverse event reports of injuries from collapsing chairs, including those involving finger amputation, three fingertip amputations, sprained or fractured

---

[1] https://www.cpsc.gov/th/recalls/2014/walmart-recalls-card-table-and-chair-sets

fingers and one report of a sore back. At the time of the recall, Wal-Mart issued a statement that "customer safety is always a top priority."[2]

7.      As a result of Defendant's inherently defective and extremely dangerous Mainstays patio set, which remains on the market and for sale to the general public, Plaintiff and members of the proposed class have suffered and continue to suffer damages from Defendant's sale of an unsafe product in violations of Ohio law, the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq*. ("OCSPA") including through the dissemination of sales practices that are deceptive, unfair, or unconscionable, failing to disclose the dangers of the product as known to Defendant, and failing to adequately and fully compensate consumers for the harms suffered, as well as analogous common and products liability protection laws in each state in which they operate.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (d) of The Class Action Fairness Act because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because Plaintiff and Defendant are residents of different states and/or foreign states.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), (b) and/or (c), because Plaintiff suffered injuries as a result of Defendant's acts in this District, a substantial number of the events giving rise to this Complaint occurred in this District, and Defendant are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District by conducting business in this District and contracting to supply goods in this District.

---

[2] http://www.cnsnews.com/mrctv-blog/craig-bannister/finger-amputating-card-table-set-recalled-walmart

3

10.     This Court has personal jurisdiction over Defendant because the events giving rise to this cause of action took place in this District, Defendant have sufficient minimum contacts with this District, and/or otherwise intentionally and purposefully availed themselves of the privilege of conducting business in the State of Ohio and by placing products into the stream of commerce, including the Mainstays patio set at issue in the instant matter, deriving substantial revenue from goods sold and used in the State of Ohio, and by advertising their products and establishing retail facilities within the State of Ohio. Accordingly, the exercise of personal jurisdiction over Defendant complies with judicial notions of fair play and substantial justice.

## PARTIES

11.     Plaintiff Shelley Johnson and her minor son B.C. are citizens of the State of Ohio, residing in Warren, which lies in Trumbull County, Ohio.

12.     Defendant Wal-Mart Stores East, Inc., is a Delaware corporation with its principal place of business in Benton, Arkansas, and is registered to do business in Ohio.

13.     Defendant offers the product at issue for retail sale online, at its store located in Warren, Trumbull County, Ohio (Store #3721772), and at stores throughout Ohio and the United States.

## FACTS

14.     In 2009, Plaintiff Shelley Johnson visited the Wal-Mart Supercenter, store #3721772, on Wal Mart Drive NE in Warren, Ohio and purchased a Mainstays patio set.

15.     At the time of the purchase, Plaintiff was unaware of any recalls involving Mainstays table and chair sets, nor was she made aware of any defective conditions or injuries involving Mainstays table and chair sets.

4

16.      Plaintiff followed all instructions and specifications set forth in the instruction manual that accompanied the Mainstays patio set, and used the Mainstays patio set in a manner foreseeable to Defendant and as intended.

17.      On or about September 3, 2009, Plaintiff's minor son, B.C., who was three-years old at the time, was seated in one of the chairs from the Mainstays patio set when, unexpectedly, a section of the back support broke in half, causing the chair to collapse. As the chair collapsed, the left middle finger of Plaintiff's minor son became trapped in the chair, causing a tendon inside his finger to tear and snap in half.

18.      Plaintiff immediately sought emergency medical treatment for her minor son, B.C., at Saint Joseph Urgent Care Center in Warren, Ohio where she was referred to Saint Elizabeth Youngstown Hospital for surgery. Unfortunately, the tendon in B.C.'s left middle finger could not be repaired, requiring the surgeon to replace it with another tendon in B.C.'s left hand. As a result, despite weeks of subsequent physical therapy, B.C. will never regain normal use of his left middle finger in his left hand.

19.      Plaintiff Johnson and members of the proposed class bring this action against Defendant to obtain relief, including damages, restitution, and injunctive relief, and demand a trial by jury.

## CLASS ALLEGATIONS

20.      A class action is the proper form to bring Plaintiffs' claims under FRCP 23. Plaintiff brings this action on behalf of her minor son B.C., individually, and on behalf of all others similarly situated.

21.      The proposed class is as follows:

5

**All individuals residing in Ohio ("Ohio Class") and/or the United States ("Nationwide Class") who purchased a Mainstays patio set from Wal-Mart through its website or in stores from 2009 to the present.**

22.     Plaintiff reserves the right to modify or amend the definition of the proposed class if discovery and further investigation reveals that the class should be expanded, divided into additional subclasses or modified in any other way.

23.     The potential class is so large that joinder of all members would be impracticable. Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

24.     This action satisfies all requirements of FRCP 23(a), (b)(1), and (b)(3), including numerosity, commonality, typicality, adequacy, predominance, and superiority.

25.     **Numerosity and Ascertainability:** the Class is so numerous that joinder of all members is impracticable. While the exact number is unknown at this time, it is generally ascertainable by appropriate discovery, and based upon the Defendant's sales volume, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. Defendant recalled nearly identical table sets manufactured between May 2013 through November 2013. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

26.     **Commonality:** the claims made by Plaintiff meet the commonality requirement because they present shared questions of law and fact, and resolving these questions will resolve the classwide litigation. Resolution of common questions of law and fact will not turn on the individual behavior of members of the class, but on the Defendant's standardized conduct. These shared questions predominate over individual questions, and they include, without limitation:

6

a.  Whether the Mainstays patio set is defective;

b.  Whether Defendant knew or should have known the Mainstays patio set was defective;

c.  Whether Defendant had a duty to design, manufacture, distribute and sell the Mainstays patio set such that it was neither defective, nor unreasonably dangerous when used as intended;

d.  Whether Defendant failed to take the steps necessary to ensure the Mainstays patio set was not defective;

e.  Whether Defendant owed duties to Plaintiff and the proposed class, the scope of those duties, and if they breached those duties;

f.  Whether Defendant made warranties to Plaintiff and the proposed class, the scope of those warranties, and if they breached those warranties;

g.  Whether Defendant violated Ohio's Product Liability Act ("OPLA") Ohio Rev. Code § 2307.71 *et seq.*;

h.  Whether Defendant violated the Ohio Consumer Sales Practices Act ("OCSPA") Ohio Rev. Code § 1345.01 *et seq.*;

i.  Whether Defendant's conduct constitutes violation of the law asserted herein;

j.  The extent of damages caused by Defendant's acts, and whether Plaintiff and the proposed class are entitled to injunctive or declaratory relief.

27.  **Typicality:** Plaintiff's claims are typical of those of the other class members because Plaintiff, like every other class member, has been damaged by Defendant's conduct because she incurred losses and injuries relating to the purchase of the Mainstays patio set and was damaged by Wal-Mart's violation of Ohio's Product Liability Act and the Ohio Consumer Sales

Practices Act. Further, the factual bases of Defendant's misconduct are common to all class members and represent a common thread of misconduct resulting in injury to all class members.

28.    The claims of the Class Representative Plaintiff is furthermore typical of other class members because Plaintiff makes the same claims as other class members. Plaintiff has interest in seeking compensation from Defendant.

29.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the class because Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other class members. Plaintiff seeks no relief that is antagonistic or adverse to the members of the class and the damages she has suffered are typical of other class members. Further, Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions, including actions involving unfair, false, misleading and deceptive advertising. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

30.    **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved as Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate their claims against Defendant, including Wal-Mart, which is the largest retailer in the world. Further, even for those class

8

members who could afford to litigate such a claim, it would remain an economically impractical alternative. Class action treatment will achieve one the primary purpose of the class action mechanism, enhancing the efficacy of private actions by permitting citizens to combine their limited resources to achieve a more powerful litigation posture.

31.     The nature of this action and the nature of Ohio law and consumer protection and product liability laws available to Plaintiff and the class members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed to an inherently defective and extremely dangerous product resulting in injuries and damages is representative of that experienced by class members and will establish the right of each member of the class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

32.     Class-wide declaratory, equitable, and injunctive relief is appropriate pursuant to Rule 23(b)(1) and/or (b)(2) because Defendant have acted on grounds that apply generally to the Class, and inconsistent adjudications with respect to Defendant's liability would establish incompatible standards and substantially impair or impede the ability of Class Members to protect their interests. Class-wide relief assures fair, consistent and equitable treatment and protection of all Class Members, and uniformity and consistency in Defendant's duties to perform corrective action.

33.     Excluded from the class are:

a.  Defendant and any entities in which Defendant have controlling interest;

b.  Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

c.  The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

d.  All persons or entities that properly execute and timely file a request for exclusion from the class;

e.  Any attorneys representing the Plaintiff or the class.

**FIRST CAUSE OF ACTION**
**VIOLATION OF OHIO REV. CODE § 1345.01 *et seq*.**
**THE OHIO CONSUMER SALES PRACTICES ACT**
**(Plaintiff Individually and on Behalf of the Ohio Class)**

34.     Plaintiff repeats, re-alleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

35.     At all times relevant, Defendant violated the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq*. ("OCSPA") by committing an unfair or deceptive act or practice in connection with a consumer transaction as to the particular standard or quality of Mainstays patio sets, if it is not.

36.     Plaintiff and members of the proposed class are consumers, purchasers or other persons who have suffered injuries who are entitled to the protection of the OCSPA.

37.     The OCSPA declares that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful. Defendant violated the OCSPA in the manner described above, by committing an unfair or deceptive act or practice in connection with a consumer transaction as to the particular standard or quality of Mainstays patio sets, if it is not.

10

38.     By reason of reason of such violations and pursuant to the OCSPA and other relevant consumer protection laws, Plaintiff and members of the proposed class are entitled to recover all of the monies paid for the defective products, to be compensated for the lost value arising out of the use of the product; and to recover any and all consequential damages recoverable under the law including, but not limited to, exposure to a dangerous and defective product, medical expense, both past and future lost wages, and other losses.

39.     Privity exists between Plaintiff and Defendant, and between class members and Defendant.

40.     In connection with the sale of the defective product to both Plaintiff and members of the proposed class, Defendant, through their employees, agents and representatives, violated the OCSPA by engaging in unfair or deceptive acts or practices; failing to disclose the dangerous design and/or manufacturing defect of the product, and failing to adequately and fully compensate consumers.

41.     As a direct and proximate result of unfair and/or deceptive acts or practices, Plaintiff and members of the proposed class were damaged and suffered injuries resulting from the dangerous design and/or manufacturing defect of the product described herein.

42.     Plaintiff and members of the proposed Class are entitled to equitable relief, including restitutionary disgorgement of monies unfairly, deceptively and/or unlawfully collected by Defendant and an injunction prohibiting Defendant from engaging in the same or similar practices described herein in the future.

43.     Pursuant to the OCSPA, Plaintiff and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

11

**SECOND CAUSE OF ACTION**
**VIOLATION OF STATE CONSUMER**
**PROTECTION STATUTES**
**(Plaintiff Individually and on Behalf of the Class)**

44.     Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

45.     Defendant engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection statutes listed below. The direct and proximate result of Defendant's misrepresentations and unlawful course of conduct was the inducement of Plaintiff and members of the class to purchase an inherently defective and dangerous Mainstays patio set from Defendant.

46.     In connection with the sale of the defective product to both Plaintiff and members of the proposed class, Defendant, through their employees, agents and representatives, violated state consumer protection statutes by engaging in unfair or deceptive acts or practices; failing to disclose the dangerous design and/or manufacturing defect of the product, and failing to adequately and fully compensate consumers.

47.     Defendant intended that Plaintiff and members of the proposed class would rely on their materially deceptive practices; and that Plaintiff and members of the proposed class would purchase Mainstays patio sets from Defendant as a consequence of the deceptive practices, including Defendant's misrepresentations and omissions of material facts, including but not limited to the safety of the product for its intended use. Plaintiff and members of the proposed class were deceived by Defendant's misrepresentations, which constitute unfair and deceptive acts and practices.

48.     As a direct and proximate result of unfair and/or deceptive acts or practices, Plaintiff and members of the proposed class suffered an ascertainable loss, in that the paid for a

product that they would not have purchased had Defendant not engaged in unfair and deceptive conduct. Plaintiff and her minor son, B.C., suffered financial and/or physical injury resulting from the dangerous design and/or manufacturing defect of the product described herein. This injury is of the type the state consumer protection statutes were designed to prevent and directly results from Defendant's conduct.

49.     Under the statutes listed herein to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices, Defendant are the suppliers, designers, manufacturers, advertisers and sellers that are subject to liability for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

50.     By engaging in the foregoing conduct, Defendant have violated the following States' Unfair and Deceptive Trade Practices and Consumer Fraud Laws:

    a. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, et seq.;

    b. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, et seq.;

    c. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-101, et seq.;

    d. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.;

    e. Defendant have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT. § 6-1-105, et seq.;

    f. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110b, et seq.;

    g. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, et seq.;

h.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 283901, et seq.;

i.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, et seq.;

j.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, et seq.;

k.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, et seq.;

l.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, et seq.;

m.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, et seq.;

n.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, et seq.;

o.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, et seq.;

p.  Defendant have engaged in unfair competition or unfair deceptive acts or practices in violation of LSA-R.S. 51:1401, et. seq.;

q.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.;

r.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. COM. LAW CODE § 13-101, et seq.;

s.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, et seq.;

t.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, et seq.;

u.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, et seq.;

v.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. § 407.010, et seq.;

w.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, et seq.;

x.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, et seq.;

y.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.;

z.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A: 1, et seq.;

aa. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M Stat.§ 57-12-1, et seq.;

bb. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y . Gen. Bus. Law § 349, et seq.;

cc. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, et seq.;

dd. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, et seq.;

ee. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.;

ff.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. 15 § 751, et seq.;

gg. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, et seq.;

hh. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of PA. CONS. STAT. § 201-1, et seq.;

ii.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN LAWS § 6-13.1-1, et seq.;

jj.  Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, et seq.;

kk. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, et seq.;

ll. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, et seq.;

mm.    Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

nn. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, et seq.;

oo. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451 et seq.;

pp. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, et seq.;

qq. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.;

rr. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, et seq.;

ss. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT § 100.18, et seq.; and

tt. Defendant have engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN § 40-12-101, et seq.

51.    As a direct and proximate result of Defendant's wrongful conduct as alleged herein, Plaintiffs and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

<u>**THIRD CAUSE OF ACTION**</u>
**VIOLATIONS OF UNIFORM DECEPTIVE TRADE PRACTICES ACTS**
**(Plaintiff Individually and on Behalf of the Class)**

52.    Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

53.    Plaintiff asserts this claim for violations of the Uniform Deceptive Trade Practices Act ("UDTPA"), which prohibits "[r]epresenting that goods … have sponsorship, approval,

characteristics, … uses, [or] benefits … that they do not have," on behalf of all class members who reside in the twenty-three states who have enacted these provisions of the UDTPA, including the State of Ohio in which Plaintiff resides with her minor son, B.C.

54.     Defendant engaged in deceptive trade practices in violation of the twenty-three state consumer protection statutes that incorporate the provisions of the UDTPA quoted above by, inter alia, failing to provide a product free from inherent defect; failing to properly warn consumers of the inherent dangers of the product; inadequately testing the product before placing the product into interstate commerce; failing to provide a product that would meet the reasonable expectations of the ordinary consumer as to its safety. The Mainstays patio set was under the exclusive control of Defendant prior to sale and Defendant had a duty to warn purchasers of the dangers posed by the product in an effective manner.

55.     The kinds of harms that befell Plaintiff and members of the proposed class were foreseeable results of the defects in the product as alleged herein. Neither Plaintiff nor members of the proposed class had any reason to know, prior to or at the time of purchase, or at any time prior to their injuries, that the Mainstays patio set alleged herein was defective, harmful and dangerous to consumers.

56.     Defendant have violated the deceptive trade practices statutes of the following states that incorporate the provisions of the UDTPA quoted above, as follows:

   a. Defendant have engaged in deceptive trade practices in violation of Ala. Code § 8-19-5, et seq.;

   b. Defendant have engaged in deceptive trade practices in violation of Alaska Stat. § 45.50.471, et seq.;

   c. Defendant have engaged in deceptive trade practices in violation of Cal. Civ. Code § 1770 et seq.;

d.  Defendant have engaged in deceptive trade practices in violation of 6 Del. C. § 2532, et seq.;

e.  Defendant have engaged in deceptive trade practices in violation of Ga. Code Ann. §§ 10-1-372, et seq. 10-1-393, and 26-2-29 et seq.;

f.  Defendant have engaged in deceptive trade practices in violation of Haw. Rev. Stat. § 481A-3, et seq.;

g.  Defendant have engaged in deceptive trade practices in violation of Idaho Code § 48-603 et seq.;

h.  Defendant have engaged in deceptive trade practices in violation of 815 Ill. L.C.S. § 510/2 et seq.;

i.  Defendant have engaged in deceptive trade practices in violation of 10 Me. Rev. Stat. Ann. § 1212, et seq.;

j.  Defendant have engaged in deceptive trade practices in violation of Mich. Comp. L. Ann. § 445.903 et seq.;

k.  Defendant have engaged in deceptive trade practices in violation of Minn. Stat. Ann. § 325D.44 et seq.;

l.  Defendant have engaged in deceptive trade practices in violation of Miss. Code Ann. § 75-24-5 et seq.;

m.  Defendant have engaged in deceptive trade practices in violation of Neb. Rev. Stat. §§ 81-2,285 et seq. and 87-302 et seq.;

n.  Defendant have engaged in deceptive trade practices in violation of N.H. Rev. Stat. § 358-A:2 et seq.;

o.  Defendant have engaged in deceptive trade practices in violation of N.M. Stat. Ann. § 57-12-2 et seq.;

p.  Defendant have engaged in deceptive trade practices in violation of Ohio Rev. Code § 4165.02 et seq.;

q.  Defendant have engaged in deceptive trade practices in violation of Or. Rev. Stat. § 646.608 et seq.;

r.  Defendant have engaged in deceptive trade practices in violation of 10 Penn. Stat. § 162.15 et seq. and 73 Penn. Stat. § 201-2 et seq.;

s.  Defendant have engaged in deceptive trade practices in violation of R.I. Gen. Laws § 6-13-1.1 et seq.;

t.  Defendant have engaged in deceptive trade practices in violation of Tenn. Code Ann. § 47-18-104 et seq.;

u.  Defendant have engaged in deceptive trade practices in violation of Tex. Bus. & Comm. Code § 17.46, et seq.;

v.  Defendant have engaged in deceptive trades practices in violation of Utah Code § 13-11a-3 et seq.;

w.  Defendant have engaged in deceptive trade practices in violation of W.Va. Code § 46A-6-102 et seq.;

57.  As a direct and proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE
**(Plaintiff Individually and on Behalf of the Class)**

58.  Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

59.  Defendant owed a duty of care to Plaintiff and the proposed class to design, manufacture, distribute and sell the Mainstays patio set so that it was neither defective, nor unreasonably dangerous when put to its intended use, to warn of any post-sale defects discovered in their products, and recall dangerous products. Defendant owed duties to Plaintiff and members of the proposed class as purchasers to use reasonable care to provide true, reliable, and safe information regarding the Mainstays patio sets.

60.  Defendant knew or had reason to know that Plaintiff and the proposed class, as consumers and members of the general public for whom the Mainstays patio set alleged herein

was placed into interstate commerce, would be likely to use the chair in the manner described herein.

61.     Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of Plaintiff and the proposed class's foreseeable use of the Mainstays patio sets alleged herein, which danger would not be obvious to the general public.

62.     Defendant breached this duty by selling the Mainstays patio sets alleged herein with an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger and hand injuries.

63.     As a direct and proximate result of the Defendant's acts and/or omissions, Plaintiff and members of the proposed class have suffered injuries, damages and losses as alleged in this Complaint.

64.     Defendant's acts and/or omissions were intentional, fraudulent, malicious, or reckless and, thereby, Plaintiff and members of the proposed class are entitled to an award of exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
### OF MERCHANTABILITY
#### (Plaintiff Individually and on Behalf of the Class)

65.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

66.     Plaintiff and members of the proposed class have suffered injury in fact and lost monies, property or have suffered injuries as a result of Defendant's conduct because they either purchased Defendant's dangerous and defective product or suffered physical injuries from it.

67.    A product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which such goods are used.

68.    To be fit for ordinary purposes, products must fulfill that purpose in a reasonably safe manner. Defendant's product does not achieve its ordinary purposes because it contains an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to torn finger tendons, and no consumer would use the product as a result of the defect.

69.    Plaintiff and members of the proposed class have incurred damages as a direct and proximate result of Defendant's defective product and Defendant's breach of implied warranty of merchantability, in that Plaintiff and each member of the proposed class have paid the purchase price for the un-merchantable product or suffered physical injuries from it.

70.    Plaintiff and members of the proposed class are entitled to a refund of the purchase price paid for the product, medical expenses for those who have suffered physical injuries, both past and future wages for those who have suffered physical injuries, consequential and incidental damages, costs and expenses, including attorney fees, an injunction prohibiting Defendant from continuing such practices, and all other relief this Court deems appropriate.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
#### (Plaintiff Individually and on Behalf of the Class)

71.    Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

72.    Plaintiff and members of the proposed class conferred a benefit on Defendant by paying money for the Mainstays patio set as described in this Complaint.

73.     Defendant have been unjustly enriched in retaining the revenues derived from money paid by Plaintiff and members of the proposed class, who did not receive the goods for which they paid. Retention under these circumstances is unjust and inequitable because Defendant misrepresented the facts concerning the product, its safety, uses, and warnings associated with the product.

74.     Plaintiff and members of the proposed class were injured as a direct and proximate result of Defendant's misrepresentations and omissions, unfair and deceptive practices, because they paid for a product for which they did not receive the benefit, and for which they would not have paid had they known the true facts. Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiff and members of the proposed class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the proposed class for their unjust enrichment, as ordered by this Court.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE
### (Plaintiff Individually and on Behalf of the Class)

75.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

76.     Defendant owed a duty of care to Plaintiff and the proposed class to design, manufacture, distribute and sell the Mainstays patio set so that it was neither defective, nor unreasonably dangerous when put to its intended use, to warn of any post-sale defects discovered in their products, to recall dangerous products, and to ensure the patio set did not cause personal injury to the Plaintiff or to any member of the proposed class.

77.     Defendant knew or had reason to know that Plaintiff and members of the proposed class, as consumers for whom the Mainstays patio set alleged herein was placed into interstate commerce, would be likely to use the chair in the manner described herein.

78.     Defendant knew or had reason to know of the danger associated with the manner and circumstances of Plaintiff and the proposed class' foreseeable use of the Mainstays patio set alleged herein, which danger would not be obvious to the Plaintiff or the proposed class.

79.     Defendant breached this duty by selling the Mainstays patio set alleged herein with an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger and hand injuries.

80.     As a direct and proximate result of the Defendant's acts and/or omissions, Plaintiff and the proposed class has suffered injuries, damages and losses as alleged in this Complaint, including a torn tendon in the left middle finger of Plaintiff's minor son, B.C. requiring surgical intervention and resulting in permanent disfigurement.

81.     Defendant's acts and/or omissions were intentional, fraudulent, malicious, or reckless and, thereby, Plaintiff and the proposed class is entitled to an award of exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF OHIO REV. CODE § 2307.71 et seq.
### OHIO'S PRODUCT LIABILITY ACT
#### (Plaintiff Individually and on Behalf of the Ohio Class)

82.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

83.     Plaintiff brings her claim for relief against Defendant under Ohio's Product Liability Act, Ohio Rev. Code § 2307.71 *et se.*

84.     Defendant manufactured, distributed and sold the products at issue, a Mainstays patio set sold by Wal-Mart, as part of the company's Home proprietary brand portfolio, for retail sale to the general public.

85.     Defendant are the "manufacturers" of the Mainstays patio sets because they are engaged in the business of constructing, designing, manufacturing and/or assembling the product. Defendant manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, serviced, recommended, marketed, supplied, promoted, and sold the subject Mainstays patio set that was sold to and/or caused physical injuries to Plaintiff,  her minor son B.C., and the proposed class. The product was intended by Defendant to be used in the manner used by Plaintiff and the proposed class.

86.     Defendant are liable for the Mainstays patio set's defective design, manufacture, inadequate warnings and failure to conform to representations under Ohio Rev. Code §§§ 2307.73, 2307.78, and 2307.79 of Ohio's Product Liability Act.

87.     The Mainstays patio set purchased by Plaintiff and members of the proposed class was not properly constructed, designed, manufactured and/or assembled to withstand normal, foreseeable and intended use of the product. The Mainstays patio set was dangerous to an extent beyond which would be contemplated by an ordinary and prudent buyer. The Mainstays patio set is defectively manufactured because the foreseeable risks of failure outweigh the benefits associated with the device.

88.     Plaintiff and members of the proposed class was not aware of the above-described defects at any time prior to the injuries and damages caused to Plaintiff and the proposed class by said product.

89.     The dangerous and defective aspects of the Mainstays patio set were the direct and proximate cause of financial and/or physical injuries to Plaintiff, her minor son, B.C., and the proposed class.

90.     To the extent that Defendant are "suppliers" rather than "manufacturers," they are liable as though they were a manufacturer because they altered, modified or failed to maintain the Mainstays patio set after it came into their possession, or they marketed the Mainstays patio set under their own label, brand portfolio, or brand name.

91.     To the extent that Defendant are "suppliers" rather than "manufacturers," they are liable for their own negligence, which proximately caused financial and/or physical injuries to Plaintiff, her minor son, B.C., as well as the failure of the Mainstays patio set to conform to its representations of safety and the appropriate use of the Mainstays patio set, which proximately caused financial and/or physical injuries to Plaintiff, her minor son, B.C., and the proposed class.

92.     As a direct and proximate result of Defendant's violation of Ohio's Product Liability Act,  Plaintiff and the proposed class suffered injuries, damages and losses as alleged in this Complaint. As such, Plaintiff and the proposed class is entitled to all remedies provided by Ohio's Product Liability Act, including compensatory damages, treble damages, punitive damages, attorneys' fees and costs of this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed class pray for relief and judgment against Defendant, as follows:

a.  For an order certifying the proposed class, appointing Plaintiff and her counsel to represent the proposed class and notice to the proposed class to be paid by Defendant;

b.  For damages suffered by Plaintiff and the proposed class;

c.  For restitution to Plaintiff and the proposed class of all monies wrongfully obtained by Defendant;

d.  For injunctive relief requiring Defendant to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

e.  An order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendant's past conduct;

f.  For Plaintiff's reasonable attorneys' fees, as permitted by law;

g.  For Plaintiff's costs incurred;

h.  For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and,

i.  For such other and further relief that this Court deems just and proper under equity or law, including the award of punitive damages.


*A TRIAL BY JURY IS HEREBY REQUESTED.*


Dated: September 7, 2017                         Respectfully Submitted,


                                                 ZOLL & KRANZ, LLC,


                                                 */s/ Michelle Kranz*
                                                 Michelle L. Kranz (#0062479)
                                                 ZOLL & KRANZ, LLC
                                                 6620 West Central Avenue, Suite 100
                                                 Toledo, Ohio 43617
                                                 Telephone (419) 841-9623
                                                 Facsimile (419) 841-9719
                                                 michelle@toledolaw.com


                                                 *and*

**JONES WARD PLC,,**

Jasper D. Ward IV*
Alex C. Davis *
Ashton Rose Smith*
The Pointe
1205 E. Washington St., Suite 111
Louisville, Kentucky 40206
Tel. (502) 882-6000
Fax (502) 587-2007
jasper@jonesward.com
alex@jonesward.com
ashton@jonesward.com

*Pending Motion for Pro Hoc Admission*

*Co-Counsel for Plaintiff and the Class*

27