IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHELLEY JOHNSON, on behalf of her minor son B.C., individually and on behalf of all other Similarly Situated ) ) ) | CASE NO. 4:17-CV-01894 |
| ) | JUDGE BENITA Y. PEARSON |
| Plaintiff ) ) | WAL-MART STORES EAST, L.P. AND WAL-MART STORES, INC.'S |
| vs. ) ) | ANSWER TO CLASS ACTION COMPLAINT OF PLAINTIFF |
| WAL-MART STORES EAST, INC. ) ) | SHELLEY JOHNSON |
| Defendant ) | |

Now come the Defendants, Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. ("Wal-Mart"), improperly named in the Complaint as Wal-Mart Stores East, Inc., by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, hereby state as follows:

1. Paragraph 1 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in paragraph 1 of the Complaint.

2. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies them.

3. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies them.

4. Wal-Mart is without sufficient information or knowledge to admit or deny whether Plaintiff or putative class members owned a Mainstays six-piece patio set and, therefore, denies same. Wal-Mart denies the remaining allegations in Paragraph 4 of the Complaint.

5. Wal-Mart denies the allegations in Paragraph 5 of the Complaint.

6. Wal-Mart denies the allegations in Paragraph 6 of the Complaint.

7. Wal-Mart denies the allegations in Paragraph 7 of the Complaint.

8. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies them.

9. Wal-Mart admits that it is licensed to be business in the State of Ohio and that it operates retail stores within counties comprising the U.S. District Court's Northern District of Ohio. Wal-Mart is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in paragraph 10 of the Complaint.

11. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Wal-Mart denies the allegations in Paragraph 12 of the Complaint.

13. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Paragraph 19 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in paragraph 19 of the Complaint.

20. Wal-Mart denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in paragraph 21 of the Complaint.

22. Wal-Mart denies the allegations in Paragraph 22 of the Complaint.

23. Wal-Mart denies the allegations in Paragraph 23 of the Complaint.

24. Wal-Mart denies the allegations in Paragraph 24 of the Complaint.

25. Wal-Mart denies the allegations in Paragraph 25 of the Complaint.

26. Wal-Mart denies the allegations in Paragraphs 26, 26a-j of the Complaint.

27. Wal-Mart denies the allegations in Paragraph 27 of the Complaint.

28. Wal-Mart denies the allegations in Paragraph 28 of the Complaint.

29. Wal-Mart denies the allegations in Paragraph 29 of the Complaint.

30. Wal-Mart denies the allegations in Paragraph 30 of the Complaint.

31. Wal-Mart denies the allegations in Paragraph 31 of the Complaint.

32. Wal-Mart denies the allegations in Paragraph 32 of the Complaint.

33. Paragraphs 33, 33a-e of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraphs 33, 33a-e of the Complaint.

34. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 34 of the Complaint.

35. Wal-Mart denies the allegations in Paragraph 35 of the Complaint.

36. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Wal-Mart denies the allegations in Paragraph 37 of the Complaint.

38. Wal-Mart denies the allegations in Paragraph 38 of the Complaint.

39. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Wal-Mart denies the allegations in Paragraph 40 of the Complaint.

41. Wal-Mart denies the allegations in Paragraph 41 of the Complaint.

42. Wal-Mart denies the allegations in Paragraph 42 of the Complaint.

43. Wal-Mart denies the allegations in Paragraph 43 of the Complaint.

44. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 44 of the Complaint.

45. Wal-Mart denies the allegations in Paragraph 45 of the Complaint.

46. Wal-Mart denies the allegations in Paragraph 46 of the Complaint.

47. Wal-Mart denies the allegations in Paragraph 47 of the Complaint.

48. Wal-Mart denies the allegations in Paragraph 48 of the Complaint.

49. Wal-Mart denies the allegations in Paragraph 49 of the Complaint.

50. Wal-Mart denies the allegations in Paragraph 50, 50 a-tt of the Complaint.

51. Wal-Mart denies the allegations in Paragraph 51 of the Complaint.

52. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint calls for a legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraph 53 of the Complaint.

54. Wal-Mart denies the allegations in Paragraph 54 of the Complaint.

55. Wal-Mart denies the allegations in Paragraph 55 of the Complaint.

56. Wal-Mart denies the allegations in Paragraph 56, 56 a-w of the Complaint.

57. Wal-Mart denies the allegations in Paragraph 57 of the Complaint.

58. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraph 59 of the Complaint.

60. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies them.

61. Wal-Mart denies the allegations in Paragraph 61 of the Complaint.

62. Wal-Mart denies the allegations in Paragraph 62 of the Complaint.

63. Wal-Mart denies the allegations in Paragraph 63 of the Complaint.

64. Wal-Mart denies the allegations in Paragraph 64 of the Complaint.

65. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 65 of the Complaint.

66. Wal-Mart denies the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraph 67 of the Complaint.

68. Wal-Mart denies the allegations in Paragraph 68 of the Complaint.

69. Wal-Mart denies the allegations in Paragraph 69 of the Complaint.

70. Wal-Mart denies the allegations in Paragraph 70 of the Complaint.

71. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 71 of the Complaint.

72. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies them.

73. Wal-Mart denies the allegations in Paragraph 73 of the Complaint.

74. Wal-Mart denies the allegations in Paragraph 74 of the Complaint.

75. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraph 76 of the Complaint.

77. Wal-Mart denies the allegations in Paragraph 77 of the Complaint.

78. Wal-Mart denies the allegations in Paragraph 78 of the Complaint.

79. Wal-Mart denies the allegations in Paragraph 79 of the Complaint.

80. Wal-Mart denies the allegations in Paragraph 80 of the Complaint.

81. Wal-Mart denies the allegations in Paragraph 81 of the Complaint.

82. Wal-Mart restates and reavers all of its previous Answers to the Complaint as if fully rewritten herein as its response to the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Wal-Mart denies the allegations in Paragraph 83 of the Complaint.

84. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies them.

85. Wal-Mart denies the allegations in Paragraph 85 of the Complaint.

86. Wal-Mart denies the allegations in Paragraph 86 of the Complaint.

87. Wal-Mart denies the allegations in Paragraph 87 of the Complaint.

88. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies them.

89. Wal-Mart denies the allegations in Paragraph 89 of the Complaint.

90. Wal-Mart denies the allegations in Paragraph 90 of the Complaint.

91. Wal-Mart denies the allegations in Paragraph 91 of the Complaint.

92. Wal-Mart denies the allegations in Paragraph 92 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and should, therefore, be dismissed in its entirety with prejudice.

2. The Complaint and the allegations thereof are uncertain, vague, and ambiguous.

3. Any and all events, happenings, injuries and damages set forth in the Complaint were proximately caused and contributed to by the acts, omissions and/or fault of Plaintiff and/or members of the purported class, and such acts, omissions and/or fault totally bar or reduce any recovery on the part of Plaintiff and/or the purported class.

4. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff, putative class members, and/or third persons or entities other than Wal-Mart for which Wal-Mart has no liability, responsibility, direction or control and the claims of Plaintiff and/or putative class members are, therefore, barred or reduced in proportion to the fault attributable to persons or entities other than Wal-Mart.

5. Wal-Mart states that the Plaintiff and/or putative class members may have failed to mitigate damages, if any, and relies upon this failure as a partial and/or complete bar to recovery herein.

6. The Complaint demands relief that is not recoverable under the laws of Ohio and/or laws of other pertinent states/jurisdictions and Wal-Mart raises this as an affirmative defense.

7. To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff and/or putative class members on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff and/or putative class members are not the real parties in interest for the damages and recovery they seek.

8. Wal-Mart avers that Plaintiff and/or putative class members' alleged damages resulted from their misuse, alteration or modification of the product, thereby barring recovery by Plaintiff and/or putative class members pursuant to the Product Liability Act of Ohio, R.C. 2307.71 to 2307.80, and/or equivalent statutes in other states/jurisdictions.

9. Wal-Mart avers that the product in question, assuming it was sold by Wal-Mart, was neither defective nor unreasonably dangerous at the time it left the hands of Wal-Mart, thereby barring Plaintiff and/or putative class members' claims pursuant to the Product Liability Act of Ohio, R.C. 2307.71 to 2307.80, and/or equivalent statutes in other states/jurisdictions.

10. Assuming the product at issue was sold by Wal-Mart, the product was acquired and sold in its original manufactured condition and under circumstances in which Wal-Mart was afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of any defective condition that may have existed, and therefore, pursuant to the Product Liability Act of Ohio, R.C. 2307.71 to 2307.80, and/or equivalent statutes in other states/jurisdictions, Plaintiff and/or putative class members' claims against Wal-Mart are barred. Moreover, to the extent applicable, Wal-Mart asserts the "sealed container" defense as an affirmative defense.

11. Wal-Mart states and avers each and every defense enumerated in the Product Liability Act of Ohio, R.C. 2307.71 to 2307.80, and/or any equivalent statute in other states/jurisdictions, as if fully stated herein, and as may be applicable to the facts in this case.

12. Wal-Mart avers that claims of Plaintiff and/or putative class members fail for lack of standing, failure to name a real party in interest, lack of a real case in controversy, estoppel, unclean hands, laches, and/or waiver.

13. The Complaint fails to name and join in this action all real parties in interest and/or all indispensable, necessary, and proper parties and Wal-Mart relies upon the same a complete or partial bar to this action.

14. The Complaint demands relief, including attorney's fees, pre-judgment interest, post-judgment interest, restitution, and declaratory and injunctive relief that is not recoverable under the laws of Ohio and/or the laws of other pertinent states/jurisdictions and Wal-Mart relies upon the same as an affirmative defense.

15. Plaintiff and/or putative class members' claims under the Uniform Deceptive Trade Practices Act ("UDTPA") fail to state a claim upon which relief can be granted. To the extent that Plaintiff and/or putative class members' claims under the UDTPA are recognized under the laws of the state of Ohio or under the laws of other states/jurisdictions, Wal-Mart pleads each and every affirmative defense codified in applicable statutes adopting the UDTPA and/or enumerated in case law interpreting such statutes.

16. Plaintiff and/or putative class members' claims under Ohio's Consumer Sales Practices Act, R.C. 1345.01 et seq., and/or equivalent statutes in other states/jurisdictions, fail to state a claim upon which relief can be granted. To the extent that such a claim is recognized, Wal-Mart pleads each and every affirmative defense available under R.C. 1345.01 et seq., and/or equivalent statutes in other states/jurisdictions, as an affirmative defense. Moreover, Plaintiff and/or putative class members' claims are exempted and precluded by applicable safe harbor provisions enumerated under such statutes.

17. Wal-Mart alleges that, to the extent that Plaintiff proves that Wal-Mart conducted any of the activities alleged in the Complaint, those activities were not and are not unfair, deceptive, or unconscionable.

18. To the extent that the Complaint has asserted a claim for fraud, it fails to state that claim with particularity as required by Federal Rule of Civil Procedure 9(b) and, therefore, is barred.

19. Wal-Mart avers that Plaintiff and/or putative class members' claims are barred, in whole or in part, by applicable statutes of repose or useful life statutes.

20. Wal-Mart avers that Plaintiff and/or putative class members' claims are barred, in whole or in part, by Ohio's Middleman Statute, R.C. 2307.78, and/or equivalent statutes in other states/jurisdictions.

21. Wal-Mart expressly pleads assumption of risk and/or disregard of basic safety warnings as an affirmative defense.

22. Wal-Mart avers that Plaintiff and/or putative class members' claims are barred, in whole or in part, by the manufacturer's compliance with applicable governmental regulations and/or industry safety standards and/or because the product was "state of the art" at the time it was designed and/or manufactured.

23. Wal-Mart avers that Plaintiff and/or putative class members' claims are barred, in whole or in part, by disclaimer of any applicable warranty and/or failure to give adequate notice of alleged breaches of express or implied warranties.

24. Wal-Mart expressly limited any express warranty and any implied warranty that may have been in existence or otherwise been created.

25. Wal-Mart is not liable to Plaintiffs because it did not make any false or misleading statements of material fact or omission of material fact, and Wal-Mart is not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

26. Wal-Mart is not liable to Plaintiff because any alleged misrepresentations or omissions for which Wal-Mart is allegedly responsible were not material.

27. Wal-Mart is not liable to Plaintiff because any alleged misstatements by Wal-Mart were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

28. Wal-Mart is not liable to Plaintiff because it had no duty to disclose any facts allegedly not disclosed.

29. Wal-Mart acted at all times in good faith and had no knowledge, and was not reckless in not knowing that any alleged statement or omission was false or misleading.

30. Any award of damages to Plaintiff is subject to the statutory caps set forth in R.C. 2315.18 and R.C. 2315.21 and any similar provisions in other states in which any putative class members reside.

31. Any statements made by Wal-Mart were truthful and accurate and were not misleading or deceptive or likely to mislead or deceive Plaintiff or the purported class, and could not have been reasonably understood by Plaintiff or any member of the purported class in a manner that was misleading or deceptive or likely to mislead or deceive.

32. Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff did not rely on the statement or omissions of which Plaintiff now complains in purchasing the patio set and, moreover.

33. Plaintiff's claims, and those of the purported class, are barred by the fact that the alleged deceptive statements were such that no reasonable person in Plaintiff's position could have reasonably relied on or misunderstood Wal-Mart's statements as claims of fact.

34. Wal-Mart affirmatively pleads the open and obvious doctrine as a defense to Plaintiff and/or putative class members' claims, including any claim that Wal-Mart failed to warn Plaintiff and/or putative class members.

35. Wal-Mart asserts the following affirmative defenses to the Complaint's punitive damages claim:

   a. The Complaint fails to state a cause of action against Wal-Mart for punitive damages under R.C. 2315.21, and/or equivalent statutes in other states/jurisdictions;

   b. The claim for punitive damages against Wal-Mart cannot be sustained because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Wal-Mart's due process rights under the Fourteenth Amendment of the United States Constitution and under Section 16 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions;

   c. Alternatively, unless both Wal-Mart's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Wal-Mart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 16 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions;

   d. The claim for punitive damages against Wal-Mart cannot be sustained because any award of punitive damages without bifurcating the trial of all punitive damages issues would violate Wal-Mart's due process rights guaranteed by

  the Fourteenth Amendment to the United States Constitution and by Section 16 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions;

e. The claim for punitive damages against Wal-Mart cannot be sustained because an award of punitive damages subject to no pre-determined limit, such as a maximum multiple of compensatory damages or a maximum cap on the amount of punitive damages that a jury could impose, would violate Wal-Mart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 16 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions;

f. The claim for punitive damages against Wal-Mart cannot be sustained because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary, does not define with sufficient clarity the requisite conduct or mental state, and does not provide a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award; and (5) is not subject to judicial review on the basis of objective standards, would violate Wal-Mart's due

      process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 9, 10, 16 and 19 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions;

g. The claim for punitive damages against Wal-Mart cannot be sustained because an award of punitive damages for the purpose of compensating plaintiff for elements of damages not otherwise recognized by Ohio law or laws of other pertinent states/jurisdictions would violate Wal-Mart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 16 of the Ohio Constitution and equivalent constitutional provisions in other states/jurisdictions;

i. Any award of punitive damages based on anything other than Wal-Mart's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by 9, 10, 16 and 19 of the Ohio Constitution and/or equivalent constitutional provisions in other states/jurisdictions because any other judgment for punitive damages in this case cannot protect Wal-Mart against impermissible multiple punishment for the same wrong;

36. The claims made by Plaintiff and putative class members are barred under Federal Rule of Civil Procedure 23. The purported class, class representative(s), and/or class counsel fail to meet the requirements described in Rule 23, including but not limited to: class definition,

numerosity, ascertainability, commonality, typicality, predominance, adequacy, superiority, and manageability.

37. Plaintiff's claims and those of the purported class are barred because this action is not properly maintainable as a class action as alleged by Plaintiff, and Plaintiff is not a proper class representative.

38. Wal-Mart opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Wal-Mart's objections, then Wal-Mart asserts the affirmative defenses set forth herein against each and every member of the certified class.

39. Wal-Mart alleges that the adjudication of the claims of the putative class through generalized classwide proof violates Defendant's right to trial by jury guaranteed by the United States and Ohio constitutions.

40. The purported claims made by Plaintiff and putative class members are precluded or limited because Plaintiff and putative class members failed to exhaust other available remedies.

41. The Complaint is barred or limited to the extent that it requires the improper extraterritorial application of various laws of other states/jurisdictions.

42. Plaintiff and the purported class are barred from asserting the claims for equitable relief alleged in the Complaint because they have adequate remedies at law and/or the equitable relief is neither necessary nor proper under applicable law.

43. Wal-Mart alleges that it has not been unjustly enriched as a result of any action or inaction by Wal-Mart or its agents. Plaintiff and the purported class are, therefore, not entitled to any disgorgement or restitution.

44. Wal-Mart alleges that the Complaint fails to properly state a claim for attorney's fees under Ohio law.

45. Plaintiff's claims, and those of the purported class, are barred in whole or in part, because Wal-Mart at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiff or the purported class or any duty owed to Plaintiff or the purported class.

46. Wal-Mart alleges that to the extent that Plaintiff proves that Wal-Mart conducted any of the activities alleged in the Complaint, Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Wal-Mart had no intention or knowledge, nor any reasonable grounds to know, that any such activities were untrue or misleading.

47. Wal-Mart pleads any and all affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure, including but not limited to lack of personal jurisdiction, improper venue, insufficient service of process, and insufficient process, as if set forth at length herein and specifically states that Plaintiff and/or putative class members' claims may be barred by the statute of limitations and lack of jurisdiction and venue.

48. Wal-Mart does not presently have sufficient knowledge of the Plaintiff's claims and those of the putative class to set forth all applicable affirmative defenses at this time. Wal-Mart reserves the right to supplement this Answer and plead additional affirmative defenses should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Wal-Mart demands as follows:

1. The Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Wal-Mart;

4. For their costs herein expended;

17

5. Trial by jury on all issues so triable; and

6. For any and all other relief to which they may be entitled.

WHEREFORE, having fully answered, Wal-Mart requests that the Complaint be dismissed with prejudice and that Wal-Mart be granted its costs, expenses and such other further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Jan L. Roller*
Karen L. Giffen (0042663)
Jan L. Roller (0008171)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-Mail: kgiffen@thinkgk.com
jroller@thinkgk.com
***Counsel for Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was hereby filed electronically this 8th day of November 2017.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

Michelle L. Kranz
ZOLL & KRANZ
6620 West Central Avenue, Suite 100
Toledo, Ohio 43617
*Counsel for Plaintiff Shelley Johnson*

Ashton Rose Smith
Jasper D. Ward IV
JONES WARD PLC
The Pointe
1205 East Washington Street, Suite 111
Louisville, Kentucky  40206
*Counsel for Plaintiff Shelley Johnson*

*/s/ Jan L. Roller*
Jan Roller (0008171)
*Counsel for Defendants Wal-Mart Stores
East, L.P. and Wal-Mart Stores, Inc.*
