UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (YOUNGSTOWN)

| | | |
|---|---|---|
| SHELLEY JOHNSON, | ) | CASE NO. 4:17-cv-01894 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS WAL-MART STORES |
| WAL-MART STORES EAST INC. | ) | EAST, L.P. AND WAL-MART STORES, |
| | ) | INC.'S MOTION FOR PARTIAL |
| Defendant. | ) | DISMISSAL OF COMPLAINT |

Now come Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc.[1] ("Wal-Mart"), by and through undersigned counsel, and respectfully move this Court for an order dismissing, in part, the Complaint filed by Plaintiff Shelley Johnson ("Plaintiff"). As will be set forth in greater detail in the attached Memorandum, Plaintiff's claims for violation of the Ohio Consumer Sales Practices Act (Count 1), violation of state consumer protection statutes (Count 2), violation of the Uniform Deceptive Trade Practices Act (Count 3), negligence (Counts 4 and 7), breach of implied warranty of merchantability (Count 5), unjust enrichment (Count 6), and violation of the Ohio Product Liability Act (Count 8) cannot be maintained and must be dismissed.

Pursuant to this Court's order, on November 6, 2017, Wal-Mart submitted a written request to Plaintiff to be dismissed. Plaintiff responded on November 8, 2017 that she does not agree to dismissal of any claims.

---

[1] Defendants were improperly named in Plaintiff's Complaint as Wal-Mart Stores East, Inc.

Respectfully submitted,

*/s/ Jan L. Roller*
Karen L. Giffen (0042663)
Jan L. Roller (0008171)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-Mail: kgiffen@thinkgk.com
jroller@thinkgk.com
***Counsel for Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (YOUNGSTOWN)

| | | |
|---|---|---|
| SHELLEY JOHNSON, | ) | CASE NO. 4:17-cv-01894 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | DEFENDANTS WAL-MART STORES |
| | ) | EAST, L.P. AND WAL-MART STORES, |
| WAL-MART STORES EAST INC. | ) | INC.'S MEMORANDUM IN SUPPORT |
| | ) | OF MOTION FOR PARTIAL |
| Defendant. | ) | DISMISSAL OF COMPLAINT |

## I.  INTRODUCTION

Plaintiff's Class Action Complaint ("Complaint") should be dismissed as the claims set forth therein cannot be maintained as a matter of law.  In her Complaint, Plaintiff alleges claims against Wal-Mart arising from injuries sustained by Plaintiff's minor son (identified as "B.C.") when a patio chair collapsed.  Plaintiff has alleged claims against Wal-Mart for violations of the Consumer Sales Practices Act, violation of various state consumer law statutes, violations of the Uniform Deceptive Trade Practices Act, negligence, breach of implied warranty of merchantability, unjust enrichment, and violation of Ohio's Product Liability Act.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. "In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, all well-pleaded allegations of the complaint must be accepted as true and all reasonable inferences must be drawn in favor of the non-moving party; however, the complaint must include enough facts to state a claim to relief that is plausible on its face, and not merely conceivable. *Sullen v. Bray*, N.D.Ohio No. 1:17 CV 1499, 2017 U.S. Dist. LEXIS 175207, at *8-9 (Oct. 23, 2017). (Internal

3

citations omitted.) The claims alleged must be "plausible" and not merely "conceivable." If the complaint lacks an allegation as to a necessary element of the claim asserted, then dismissal is warranted. *Hedges v. Bittinger*, N.D.Ohio No. 1:17CV720, 2017 U.S. Dist. LEXIS 168961, ¶ 3 (Oct. 12, 2017) citing *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir.1990).

### III. LAW AND ARGUMENT

#### A. Plaintiff's CSPA claim cannot be maintained

1. Plaintiff's individual claim against Wal-Mart is time barred.

According to the caption of her Complaint, Plaintiff Shelley Johnson is bringing this action "on behalf of her minor son, B.C., and individually and on behalf of all others similarly situated." *See*, Complaint at p. 1. To the extent that she seeks to pursue an individual claim against Wal-Mart for CSPA violations, her claim is time-barred. Pursuant to R.C. 1345.10(c), CSPA claims are subject to a two year statute of limitations. Plaintiff alleges that she purchased the patio set at issue in 2009, therefore any claim under the CSPA would have had to have been brought no later than 2011. As the Complaint herein was not filed until 2017, Plaintiff's CSPA claim is time-barred.

2. B.C. is not a "consumer."

Furthermore, to the extent that Plaintiff seeks to set forth a CSPA claim on behalf of her son, B.C., such claim cannot be maintained. In order to assert a CSPA claim, one must be a "consumer" which is defined by R.C. 1345.01(D) to mean "a person who engages in a consumer transaction with a supplier." A consumer transaction is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. R.C. 1345.01(A). There are no allegations in the Complaint that

4

B.C. purchased the patio set or engaged in any consumer transaction with Wal-Mart.  In fact, Plaintiff specifically alleges at paragraph 14 of her Complaint that "Plaintiff Shelley Johnson" purchased the patio set.  Accordingly, B.C. is not a "consumer" and no CSPA claim can be maintained on his behalf.[2]

        3.    Plaintiff has failed to allege that Wal-Mart acted with the requisite notice.

Moreover, Plaintiff has failed to even allege that Wal-Mart engaged in a practice that has, by rule or by court decision, been determined to be deceptive or unconscionable.  Such failure is fatal to Plaintiff's CSPA claim.  "A consumer who is seeking to pursue a class action for violation of the [Ohio CSPA] must plead that the defendant acted in the face of prior notice that its conduct was deceptive or unconscionable.  Such notice must be in the form of a rule adopted by the Ohio Attorney General or a publicly-available court decision involving substantially similar conduct."  *Crail v. Best Buy Co.*, E.D.Ky. No. 2006-227 (WOB), 2007 U.S. Dist. LEXIS 68983, at *13-14 (Sep. 17, 2007).  In *Crail,* the Court dismissed the plaintiff's purported class-based CSPA claim because the plaintiff failed to plead that the defendant acted with prior notice that its conduct was deceptive or unconscionable.  *Id.*

Here, Plaintiff's Complaint fails to set forth any rule or case determining that the actions allegedly committed by Wal-Mart are unfair or deceptive.  Furthermore, there is no allegation in the Complaint that Wal-Mart acted with prior notice of any such determination.  Therefore, her CSPA claim fails.

For the same reason, Plaintiff's CSPA claims on the behalf of the putative class must also be dismissed.  *See, Ice v. Hobby Lobby Stores, Inc.*, N.D.Ohio No. 1:14CV744, 2015 U.S. Dist. LEXIS 131336, at *7-8 (Sep. 29, 2015)  ("Under R.C. 1345.09(B), a class action is permitted under the Act if the plaintiff alleges that the substantive provisions of the Act have been violated,

---

[2] Furthermore, the CSPA does not apply to claims for personal injuries. R.C. 1345.12(C).

and (1) a specific rule or regulation has been promulgated under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or (2) an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection."); *Steigerwald v. BHH, LLC*, N.D.Ohio No. 1:15 CV 741, 2015 U.S. Dist. LEXIS 125833, ¶ 5 (Sep. 21, 2015). ("To pursue a class action claim under the OCSPA, plaintiff must allege that defendant had prior notice that its conduct was deceptive or unconscionable."); *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litigation,* 880 F.Supp.2d 801, 868 (S.D.Ohio 2012) ("To bring a claim on behalf of a putative class, a plaintiff must identify in his or her complaint the rule or case that satisfies Section 1345.09(B)'s notice requirement.")

As the Complaint contains no allegations of notice, the Plaintiff's claim on behalf of the purported class under the CSPA must also be dismissed. *See, Kline v. Mtge. Electronic Sec. Sys.*, S.D.Ohio No. 3:08cv408, 2010 U.S. Dist. LEXIS 143391, at *14 (Dec. 30, 2010) ("Lack of prior notice that a practice has been deemed deceptive or unconscionable in accordance with Section 1345.09(B) requires dismissal of class action allegations brought under the OCSPA."); *St. Clair v. Kroger Co.*, 581 F.Supp.2d 896, 901 (N.D.Ohio 2008)("Lack of prior notice requires dismissal of class action allegations.")

    4.  Plaintiffs cannot recover treble damages under the CSPA in a class action.

Plaintiff's attempt to recover treble damages for herself and for the members of the purported class for Wal-Mart's alleged violation of the CSPA also fails.  R.C. 1345.09(B) provides that treble damages may not be recovered in a class action: "Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02,

6

1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, **but not in a class action**, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended. *See, Konarzewski v. Ganley, Inc*., 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827, ¶ 46.  ("R.C. 1345.09(B) precludes treble or statutory damages in class actions."); *Pyles v. Johnson*, 143 Ohio App.3d 720, 739, 2001-Ohio-2478, 758 N.E.2d 1182 (4th Dist.) ("[B]y bringing their CSPA claims in a class action, the plaintiffs are precluded from seeking treble damages which would be available if successful claims were brought individually.")  To the extent that Plaintiff seeks to recover treble damages under the CSPA via a class action, her claim fails.

### B. Plaintiff's claim for violation of the Uniform Deceptive Trade Practices Act must fail as the UDTPA does not provide for actions by individuals.

In Count 3 of her Complaint, Plaintiff alleges that Wal-Mart "engaged in deceptive practices in violation of the twenty-three state consumer protection statutes," including R.C. 4165.02 et seq., that incorporate the UDTPA's prohibition of "representing that goods *** have sponsorship, approval, characteristics, *** uses, [or] benefits *** that they do not have." *See,* Complaint at ¶¶ 53, 56. However, Ohio district courts have held that the UDTPA does not create a cause of action for individual consumers. *See, e.g., Fryer v. CitiFinancial, Inc.*, S.D.Ohio No. 1:11-cv-606, 2012 U.S. Dist. LEXIS 22522, at *14 (Feb. 23, 2012).

R.C. 4165.03 authorizes "a person who is likely to be damaged by a person who commits a deceptive trade practice" to commence a civil action for damages and injunctive relief.

R.C. 4165.01(D) defines "person" to mean "an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, limited liability company, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity."  Ohio courts have recognized that the statutory scheme of the Ohio Deceptive Trade Practices Act clearly addresses only "persons" who are engaged in commercial activity.  *See*, *Gascho v. Global Fitness Holdings, LLC,* 863 F.Supp.2d 677, 698 (S.D.Ohio 2012).

> By its terms, Section 4165.02 applies only to commercial activity by a person, and the provision assumes the person is engaged in commercial activity.  Similarly, Section 4165.03 only applies to deceptive trade practices by a person engaged in commercial activity.  That is, it is implicit in these statutes that the definition of 'person' only includes persons engaging in some type of 'business, vocation, or occupation.'  Any contrary interpretation would be nonsensical.

*Id.  See, also, Phillips v. Phillip Morris Co.,* 290 F.R.D. 476, 485 (N.D.Ohio 2013) and *Smith v. Smith & Nephew, Inc.,* 5 F.Supp.3d 930, 932 (S.D.Ohio 2014)(Holding that consumers lack standing to bring Deceptive Trade Practices Act actions.)

Plaintiff's Complaint does not contain any allegations that she or B.C. was engaged in commercial activity.  Accordingly, as the Deceptive Trade Practices Act does not govern conduct between a consumer and a commercial entity, Plaintiff's claim against Wal-Mart fails as a matter of law.  *See, Thornton v. State Farm Mut. Auto Ins. Co*., N.D.Ohio No. 1:06-cv-00018, 2006 U.S. Dist. LEXIS 83968, ¶ 52 (Nov. 17, 2006); *Glassner v. R.J. Reynolds Tobacco Co.,* N.D. Ohio No. 5:99-cv-0796, 1999 U.S. Dist. LEXIS 22637, ¶ 21 (June 29, 1999).  *See, also*, *Chamberlain v. Am. Tobacco Co.,* N.D. Ohio No. 1-96-cv-2005, 1999 U.S. Dist. LEXIS 22636, ¶ 60 & n.12 (Nov. 19, 1999).

**C. Plaintiff's common law claims are barred by the Ohio Product Liability Act ("OPLA").**

Plaintiff has alleged that Wal-Mart sold her a defective product which caused injury. As will be set forth below, her claims of negligence, unjust enrichment, and breach of implied warranty all allege what is essentially a product liability claim. The Ohio Product Liability Act ("OPLA"), R.C. 2307.71 *et seq.*, has been held to govern all products liability claims and specifically provides that it is "intended to abrogate all common law product liability claims or causes of action." R.C. 2307.07(B). *See, also, Kodger v. Zimmer Bionet Holdings, Inc.,* N.D.Ohio No. 1:17-cv-1350, 2017 U.S. Dist. LEXIS 161009, ¶ 10 (Sept. 29, 2017).

R.C. § 2307.71(B) defines product liability claims as "civil claims that seek[ ] to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following: (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product; (b) Any warning or instruction, or lack of warning or instruction, associated with that product; or (c) Any failure of that product to conform to any relevant representation or warranty.

The Complaint contained allegations that Wal-Mart manufactured, assembled, tested or failed to test, marketed, promoted, and sold the patio set (¶ 85); that the patio set had a manufacturing defect or dangerous design (¶¶ 41, 62, 79); that the patio set was "defective" and/or "dangerous" (¶¶ 66, 69); that Wal-Mart failed to warn regarding the "inherent dangers" of the patio set (¶54); that Wal-Mart misrepresented the facts concerning warnings associated with the patio set (¶ 73); and that Plaintiff, her son, and the putative class members suffered injuries (¶¶ 41, 62, 66, 69). The nature of these allegations makes clear that the Plaintiff's Complaint falls squarely within R.C. § 2307.71(B)'s definition of a "product liability claim" and may not be

9

maintained as separate common law claims. *See, Elward v. Electrolux Home Prods.,* N.D.Ill. No. 15 C 9882, 2017 U.S. Dist. LEXIS 137401, ¶ 31 (Aug. 28, 2017) ("The OPLA is intended to abrogate all common law product liability claims or causes of action, *** including causes of action based on a failure to warn."); *Specht v. Otsuka Am. Pharmaceutical, Inc.*, N.D.Ohio No. 17-cv-217, 2017 U.S. Dist. LEXIS 159857, ¶ 5 (Sep. 28, 2017) (A complaint for compensatory damages for alleged physical harm incurred from taking a drug manufactured by the defendant was held to be "a products liability suit governed by OPLA." )

In *Hart v. Honeywell Internatl.*, N.D.Ohio No. 1:15 CV 10000, 2017 U.S. Dist. LEXIS 51163 (Apr. 4, 2017), the plaintiff filed a complaint against Honeywell, Ford Motor Company and other defendants alleged to have manufactured and sold brake and clutch friction materials that contained asbestos. Plaintiff alleged that he contracted malignant mesothelioma from repeated asbestos exposure over many years working as a mechanic. In addition to a statutory product liability claim under the Ohio Product Liability Act (OPLA), Plaintiff also asserted claims of negligence, strict liability, breach of express warranty, and breach of implied warranty, punitive damages, and conspiracy. Plaintiff passed away shortly after the complaint was filed and his administrator amended the complaint to add claims of loss of consortium and wrongful death.

Defendants moved for summary judgment on the common law claims, alleging that they were expressly eliminated by the OPLA. The court agreed, citing to R.C. 2307.71(B), and dismissed the plaintiff's claims for negligence, strict liability, breach of express warranty, breach of implied warranty, conspiracy, and wrongful death, recognizing that "[the] express abrogation of common law product liability claims has been consistently recognized by the Ohio courts."

*Hart v. Honeywell Internatl.*, N.D.Ohio No. 1:15 CV 10000, 2017 U.S. Dist. LEXIS 51163, ¶ 9 (Apr. 4, 2017).

The OPLA has been found to bar common law claims including negligence, breach of implied warranty, and unjust enrichment. In *Z.H. v. Abbott Labs., Inc.*, N.D.Ohio No. 1:14CV176, 2016 U.S. Dist. LEXIS 135792, ¶ 36 (September 30, 2016), the court found that the OPLA barred the plaintiff's claims for negligence, gross negligence, breach of implied and express warranties and intentional and negligent infliction of emotional distress which arose out of the defendant's alleged failure to warn of a product's dangers as those claims were "product liability claims."[3] *See, also, Leen v. Wright Med. Technology, Inc.*, S.D.Ohio No. 3:15-cv-125, 2015 U.S. Dist. LEXIS 125317, ¶ 4 (Sep. 18, 2015) (Dismissing a plaintiff's common law unjust enrichment claims against a hip replacement implant manufacturer for complications allegedly caused by a defect in the product "because common law products liability claims have been abrogated and preempted by the Ohio Products Liability Act.") and *Chamberlain v. Am. Tobacco Co.*, N.D.Ohio No. 1-96 CV 2005, 1999 U.S. Dist. LEXIS 22636, ¶ 54 (Nov. 19, 1999) ["Plaintiffs fail to provide a case from any jurisdiction which recognizes a claim for 'unjust enrichment' where a plaintiff claims to be injured by a product for which he paid money to the defendant on the ground that the defendant engaged in unconscionable conduct. As defendants point out, if such allegations could support a claim for unjust enrichment, then virtually every plaintiff claiming to be injured by a product could seek to recover on a theory of unjust enrichment (in addition to claims for product liability and fraud). This is not the law in Ohio."]

---

[3] The *Z.H. v. Abbbott Laboratories* court also cited several other cases in which the following claims were found to be abrogated by the OPLA: breach of warranty (*Nationwide Agribusiness Ins. Co. v. CNH America LLC*, 1:12-CV-01430, 2014 U.S. Dist. LEXIS 75997, 2014 WL 2520502 (N.D. Ohio June 4, 2014) and *Miller v. ALZA Corp.*, 759 F.Supp.2d 929, 943-44 (S.D. Ohio 2010); negligence (*Saraney v. TAP Pharm. Prods.*, No. 1:04-CV-02026, 2007 U.S. Dist. LEXIS 3113, 2007 WL 148845 (S.D. Ohio January 16, 2007), *Miller v. ALZA Corp.*, 759 F.Supp.2d 929, 943-44 (S.D. Ohio 2010), and *Paugh v. R.J. Reynolds Tobacco Co.*, 834 F.Supp. 228, 230 (N.D. Ohio 1993).

As the allegations of Plaintiff's common law claims for negligence, unjust enrichment, and breach of implied warranty make clear that they are, in fact, "product liability" claims, they are governed by R.C. 2307.71(B), cannot be maintained, and must be dismissed.

**D. Plaintiff's Ohio Product Liability Act ("OPLA") claim also fails as Plaintiff has failed to state a claim for relief upon which relief can be granted.**

R.C. 2307.75(F) provides that "[a] product is not defective in design or formulation if, at the time the product left the control of its manufacturer, a practical and technically feasible alternative design or formulation was not available that would have prevented the harm for which the claimant seeks to recover compensatory damages without substantially impairing the usefulness or intended purpose of the product." The Sixth Circuit has held that it is the Plaintiff's burden to establish the existence of a feasible alternative design. *See*, *McGrath v. GMC*, 26 F.App'x 506, 510 (6th Cir.2002) citing *Jacobs v. E.l. du Pont de Nemours & Co.*, 67 F.3d 1219, 1242 (6th Cir. 1995). *See, also*, *Miller v. Uniroyal Technology Corp.*, 35 F.App'x 216, 222 (6th Cir.2002) ("The plaintiff bears the burden of presenting proof that such an alternative design or formulation was then available to the manufacturer."); *Vanzant v. Daimler Chrysler Corp.*, S.D.Ohio No. 1:04cv484, 2007 U.S. Dist. LEXIS 25303, ¶ 14 (Mar. 30, 2007). Here, the Plaintiff has failed to even allege that a feasible alternative design for the chair was available when it left the control of its manufacturer. In order to survive a motion to dismiss, a plaintiff must "allege enough facts to state a claim to relief that is plausible on its face." *City of Columbus v. Hotels.Com, L.P.*, 693 F.3d 642, 648 (6th Cir.2012) citing *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In this case, the face of the Complaint contains no allegations regarding the availability of an alternative design for the chair. Even if the Complaint allegations are accepted as true, there are no allegations of

12

any facts that would support a finding that there existed an alternative design for the chair that would have prevented the alleged injuries without substantially impairing its usefulness or intended purpose. Without such a finding, Plaintiff cannot establish that the chair was defective and the OPLA claim fails.

## IV. CONCLUSION

For all of the foregoing reasons, Wal-Mart respectfully requests that Plaintiff's claims for violation of the Ohio Consumer Sales Practices Act (Count 1), violation of state consumer protection statutes (Count 2), violation of the Uniform Deceptive Trade Practices Act (Count 3), negligence (Counts 4 and 7), breach of implied warranty of merchantability (Count 5), unjust enrichment (Count 6), and violation of the Ohio Product Liability Act (Count 8) be dismissed.

Respectfully submitted,

*/s/ Jan L. Roller*
Karen L. Giffen (0042663)
Jan L. Roller (0008171)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-Mail: kgiffen@thinkgk.com
jroller@thinkgk.com
***Counsel for Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc.***

13

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the above-captioned case has been assigned to the standard track and that this document adheres to the page limits set forth in Northern District of Ohio Local Rule 7.1(f).

*/s/ Jan L. Roller*
Jan L. Roller (0008171)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion for Partial Dismissal of Complaint* was hereby filed electronically this 8th day of November 2017.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

Michelle L. Kranz
ZOLL & KRANZ
6620 West Central Avenue, Suite 100
Toledo, Ohio 43617
*Counsel for Plaintiff Shelley Johnson*

Ashton Rose Smith
Jasper D. Ward IV
JONES WARD PLC
The Pointe
1205 East Washington Street, Suite 111
Louisville, Kentucky  40206
*Counsel for Plaintiff Shelley Johnson*

*/s/ Jan L. Roller*
Jan L. Roller (0008171)
*Counsel for Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc.*

15