*Rev. 5/18/2016

# ATTACHMENT NO. 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHELLEY JOHNSON | ) | CASE NO. 4:17-CV-01894 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | DISCOVERY PLAN |
| | ) | |
| WAL-MART STORES EAST INC., et al. | ) | (*See* Fed. R. Civ. P. 26(f) |
| Defendant. | ) | and LR 16.3(b)(3)) |

1.  Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on __October 25__, 20__17__, at __3:00 pm__ and was attended by:

    __Ashton Rose Smith__  counsel for plaintiff(s) __Shelley Johnson, et al.__
    __Sean McCarty__       counsel for plaintiff(s) __Shelley Johnson, et al.__
    __Karen L. Giffen__    counsel for defendant(s) __Wal-Mart__
    __Jan L. Roller__      counsel for defendant(s) __Wal-Mart__

2.  The parties recommend the following track:

    _____ Expedited     __XXX__ Standard     _____ Administrative
    _____ Complex       _____ Mass Tort

3.  This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

    _____ Early Neutral Evaluation     _____ Summary Jury Trial
    _____ Mediation                    _____ Summary Bench Trial
    _____ Arbitration                  __XXX__ Case is not suitable for ADR at this time

**THIS DISCOVERY PLAN MUST BE FILED 5 CALENDAR DAYS BEFORE THE CMC**

**Lead counsel and clients must attend CMC
unless explicitly excused. This applies to
telephonically held CMC's.**

4. The parties _____do/ XXX do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Wal-Mart does not consent to Magistrate jurisdiction. Plaintiff consents to Magistrate jurisdiction.

5. <u>Initial Disclosures:</u> (check one)

☑ a) Plaintiff made initial disclosures on November 1, 2017 and all other parties made initial disclosures on November 1, 2017.

Objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) ☑ are/☐ are not made. If there <u>are</u> objections, they are specified along with the identity of the objecting party in an appendix to this Discovery Plan. The objecting party requests that the Court rule with respect to these disclosures at the Case Management Conference.

_____ b) Initial Discovery Protocols were entered in this case:
  i) The plaintiff's Initial Discovery was provided on _____.
  ii) The defendant's Initial Discovery was provided on _____.

_____ c) This is an ERISA case and does not require initial disclosures. *See* ¶ 6 for suggested briefing schedule.

6. <u>Subsequent proceedings</u> (for ERISA cases):
  a) Defendant shall file the entire administrative record by _____.
  b) Plaintiff shall file the opening brief contemplated by *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring) by _____.
  c) Defendant shall respond by _____.
  d) Plaintiff shall reply by _____.
  e) There shall be no discovery in this case except as set forth in *Wilkins*.

7. <u>Subsequent proceedings</u> (for non-ERISA cases):

   a) Recommended Discovery Plan: Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission.

Wal-Mart intends to conduct discovery on the following subjects: alleged defect in Mainstays patio set and causation and extent of alleged injuries.  Extent of Discovery: interrogatories, requests for production, requests for admissions, depositions and independent medical examination (IME) of class representative.  Wal-Mart intends to file a Motion to Dismiss the class allegations in the Complaint and requests that discovery be limited to the named plaintiff/class representative and that the limitations on discovery as set forth in Fed.R.Civ.P. 30, and 33-36 be applied to this matter unless and until a class is certified.

Plaintiff does not agree to the discovery limitations proposed by Wal-Mart.  Plaintiff intends to request class certification after reasonable class discovery and merits discovery.  Plaintiff will not agree to an IME of the minor child, but will forward his relevant medical records.

   b) The parties (indicate one):

   _____ agree that there will be no discovery of electronically-stored information; or

   _____ have agreed to a method for conducting discovery of electronically-stored information; or

   [✓] have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules).

   c) The parties [✓] have/ [ ] have not reached an agreement regarding the handling of disclosed privileged material.  See Fed. R. Civ. P. 16(b)(3)(B)(iv).  If the parties have reached an agreement for asserting claims of privilege or of protection as trial-preparation material after information is produced, please provide the agreement, including agreements reached under Fed. R. Evid. 502.
   See Stipulation Regarding Inadvertent Disclosure of Attorney-Client Privilege, Work Product Protection or Other Applicable Privilege attached hereto.

   d) Discovery cut-off date: Wal-Mart proposes May 8, 2018 as the discovery cut-off date.

Plaintiff proposes that discovery remain open until August 15, 2018.

3

e)  Recommended dispositive motion date: Wal-Mart proposes 6/22/18; Plaintiff proposes 9/22/18.

f)  Recommended cut-off for amending the pleadings and/or adding additional parties: Wal-Mart proposes May 22, 2018; Plaintiff proposes 9/1/18.

g)  Recommended date for a Status Conference: Wal-Mart proposes 08/31/18. Plaintiff proposes 9/30/18.

8.  Other matters for the attention of the Court:
See Appendix attached hereto.

Plaintiff's counsel has filed a similar nationwide class action in the case Jason E. Duckworth, et.al. v.

Wal-Mart Stores Inc. and Wal-Mart Stores East, L.P., U.S. Dist. Ct., Eastern District of Kentucky,

Lexington Division, Case No. 5:17-CV-000174-JMH.

Pursuant to the Court's CMC Order, Plaintiff made a written demand on November 1, 2017; while Defendant has objected to Plaintiff's demand, it is Plaintiff's position that becaue this is a class action case, Plaintiff cannot accurately estimate how many purchasers of the defective patio set exist, which will directly impact the monetary value of class damages. However, this information is within Defendant's possession and can be ascertained through reasonable discovery.

Jasper D. Ward IV

Attorney for Plaintiff(s) Shelley Johnson, et al.

Ashton Rose Smith

Attorney for Plaintiff(s) Shelley Johnson, et al.

Karen L. Giffen

Attorney for Defendant(s) Wal-Mart

Jan L. Roller

Attorney for Defendant(s) Wal-Mart

**Objections, if any, to initial disclosures are appended.**

4