PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELLEY JOHNSON, | ) | |
| | ) | CASE NO. 4:17CV1894 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WAL-MART STORES EAST INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 12] |

Pending before the Court is Defendant Wal-Mart Stores East Inc.'s motion to dismiss. ECF No. 12. Plaintiff Shelley Johnson has responded. ECF No. 21. Defendant has replied. ECF No. 22. For the reasons that follow, the Court grants Defendant's Motion in part and denies it in part.

**I. Background**

Plaintiff, the mother of minor child B.C., purchased a Mainstays patio set from the Warren, Ohio Wal-Mart sometime in 2009. ECF No. 1 at PageID #: 4. This patio set included chairs. Plaintiff alleges that, on or about September 3, 2009, one of the chairs collapsed while B.C., Plaintiff's then three-year old son, was sitting in the chair. *Id.* at PageID #: 5. The collapse of the chair caused B.C.'s left middle finger to become stuck in the chair, tearing a tendon in the finger. *Id.* B.C. underwent surgery to replace the damaged tendon. *Id.* Post-surgery, B.C. completed physical therapy, but he has not regained normal use of the finger, and Plaintiff alleges that the impairment is permanent. *Id.*

(4:17CV1894)

Plaintiff has filed a putative Class Action Complaint. ECF No. 1. In her Complaint, she posits eight counts: (1) violation of the Ohio Consumer Sales Practices Act, R.C. § 1345.01, *et seq.*; (2) violations of state consumer protection statutes; (3) violations of the Uniform Deceptive Trade Practices Act;[1] (4) negligence; (5) breach of the implied warranty of merchantability; (6) unjust enrichment; (7) negligence;[2] and (8) violation of the Ohio Products Liability Act, R.C. § 2307.71, *et seq*. Plaintiff alleges all counts as both individual and class claims.

## II. Standard of Review

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Plaintiff has dismissed this claim. ECF No. 24.

[2] Count VII replicates Count IV.

(4:17CV1894)

When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

The Court's inquiry is limited to the four corners of the complaint, along with any other materials permitted under Fed. R. Civ. P. 12(b)(6) and 10(c). *Jackson v. Maui Sands Resort, Inc.*, No. 1:08-CV-2972, 2009 WL 7732251, at *3 (N.D. Ohio Sept. 8, 2009). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. Discussion

**A. Count I: Ohio Consumer Sales Practices Act Claim**

Defendant makes four arguments against Count I: (1) Plaintiff's claim is time-barred; (2) B.C. is not a consumer, and therefore, an action may not be maintained on his behalf; (3) Plaintiff fails to allege Defendant acted with the requisite notice; and (4) Plaintiff cannot recover treble damages in an Ohio Consumer Sales Practices Act class action. ECF No. 12 at PageID #: 105-08.

**i. Timeliness**

Defendant contends that Plaintiff did not bring suit within the two-year statute of limitations under the Ohio Consumer Sales Practices Act. *Id.* at PageID #: 105. In response, Plaintiff argues that the violation in this action consists of Defendant's failure to warn consumers of the defects in the patio set and/or issue a recall after it became aware of the defect. ECF No.

(4:17CV1894)

21 at PageID #: 160-61. Under this theory, Plaintiff argues, Defendant's continued sale of patio sets like the one at issue creates a continuing tort, negating Defendant's statute of limitations argument. *Id.* at 161-62. In reply, Defendant argues that Plaintiff's complaint focuses on the sale of the at-issue patio set and that Plaintiff ignores the fact that Defendant issued a recall of the patio set in 2014. ECF No. 22 at PageID #: 174.

R.C. § 1345.10(C) establishes a two-year statute of limitation that begins to run "after the occurrence of the violation which is the subject of the suit." Even accepting Plaintiff's theory that the statute began to run at the time Defendant should have become aware of a defect, Plaintiff's action is untimely. In her complaint, Plaintiff references a 2014 product recall of a Mainstays table and chair set. *See* ECF No. 1 at PageID #: 2. Thus, under Plaintiff's logic, her claim, which came in 2017—more than two years after the recall—comes too late. Regardless, the sale of the table stands as the time at which the statute began to run, and the sale occurred back in 2009, well before even the 2014 recall. *See In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 45 F.Supp.3d 706, 710-11 (N.D.Ohio 2014) (Boyko, J.) (dismissing Consumer Sales Practice claims of two plaintiffs who bought purportedly defective front-loading washing machines more than two years prior to filing of complaint).[3]

The action is not untimely as to B.C., however, because of his status as a minor. Although R.C. § 1345.10(C) does not contain a savings provision for minors, it is likely that the Ohio Supreme Court would find that the statute of limitations would not accrue until two years

---

[3] Plaintiff references the discovery rule as a potential source of salvation for the Consumer Sales Practices Act claim, but ordinarily the discovery rule does not apply to such claims. *See Savett v. Whirlpool Corp.*, No. 12-CV-310, 2012 WL 3780451, at *3 (N.D.Ohio Aug. 31, 2012) (Gaughan, J.) (citation omitted).

(4:17CV1894)

after B.C. reached the age of majority.  *See Adamsky v. Buckeye Local School District*, 73 Ohio St.3d 360, 1995-Ohio-298, 653 N.E.2d 212 (Ohio 1995) (holding that statute's failure to include a savings provision in a statute violated Ohio Constitution).

### ii. Definition of Consumer

Defendant argues that B.C. does not meet the Ohio Consumer Sales Practices Act's definition of "consumer," because the complaint does not allege that B.C. purchased the patio set or engaged in a consumer transaction with Defendant.  ECF No. 12 at PageID #: 105-06. Plaintiff counters that the Ohio Consumer Sales Practices Act only requires that the act or practice at issue occur in connection with a consumer transaction.  ECF No. 21 at PageID #: 162-63.  Defendant contends that the Act does not provide for recoveries of personal injuries, and therefore, B.C. has no claim under the Ohio Consumer Sales Practices Act.  ECF No. 22 at PageID #: 174-75.

A minor child not engaged in a consumer transaction does not qualify as a consumer under the Ohio Consumer Sales Practices Act, and therefore, cannot recover under the Act.  *See Hamilton v. Ball*, 7 N.E.3d 1241, 1260 (Ohio Ct. App. 2014) (holding that although minor son was an intended beneficiary of car purchase, he was not engaged in consumer transaction with supplier, and thus, Ohio Consumer Sales Practices Act claim failed).  Plaintiff's complaint fails to allege facts showing that B.C. was engaged in a consumer transaction.  B.C.'s post-transaction use of the patio set bears no weight in the determination of whether he qualifies as a consumer. Hence, Plaintiff's claim fails as to B.C.

(4:17CV1894)

### iii. Notice

Defendant next argues that Plaintiff's failure to allege that Defendant has received notice that its conduct was deceptive or unconscionable shatters Plaintiff's class action claim. ECF No. 12 at PageID #: 106. Plaintiff counters that Rock v. L.I.P., No. 86 CA 87, 1987 WL 15356 (Ohio Ct. App. Jul. 30, 1987) provides notice that "a chair which immediately falls apart when sat upon is unreasonably dangerous wh[en] it collapsed without warning and when the chair was being used in the manner in which it was intended to be used." ECF No. 21 at PageID #: 164. Defendant argues that *Rock* lacks a pronouncement that such conduct is deceptive or unreasonable and that Plaintiff ignores the fact that she failed to plead that Defendant was on notice. ECF No. 22 at PageID #: 173.

In support of its position that *Rock* provides proper notice, Plaintiff references Marrone v. Phillip Morris USA, Inc., 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31 (Ohio 2006), but she does not properly apply *Marrone* to this case. Indeed, Plaintiff's position fails to appreciate *Marrone's* discussion that prior court decisions must find a practice to be deceptive and unconscionable. Marrone, 110 Ohio St.3d at 8-9. *Rock* makes no such finding.

Moreover, in order for a court's decision to put a defendant on notice, the decision must appear in the Ohio Attorney General's Public Inspection File. R.C. § 1345.05(B); *see also* Gascho v. Global Fitness Holdings, LLC, 918 F.Supp.2d 708, 715 (S.D.Ohio 2013) ("Placement on the PIF [Public Inspection File] is a condition precedent to the existence of the necessary notice."). The Court has reviewed the Public Inspection File,[4] and the file does not contain *Rock*.

---

[4] Available at http://opif.ohioattorneygeneral.gov/Search/Pifs (last visited Feb. 28, 2018).

(4:17CV1894)

Aside from the issue of whether *Rock* was similar enough to provide notice, its absence from the file precludes class action relief under the Ohio Consumer Sales Practices Act. *See St. Clair v. Kroger Co.*, 581 F.Supp.2d 896, 901 (N.D.Ohio 2008) (Carr, J.) (dismissing class action allegations due to lack of prior notice).

### iv. Treble Damages

In its final argument as to Count I, Defendant' argues that R.C. § 1345.09(B) expressly precludes the recovery of treble damages in a class action. ECF No. 12 at PageID #: 107. Plaintiff does not respond to this argument, but that is of no moment, because Defendant's first three arguments are well-taken. Accordingly, the Court declines to address this issue.

### B. Counts IV-VII: Common Law Claims

Plaintiff brings common law claims of negligence, unjust enrichment, and breach of the implied warranty of merchantability. ECF No. 1 at PageID #: 19-23. Defendant seeks dismissal of the claims on the ground that they are abrogated under the Ohio Products Liability Act. ECF No. 12 at PageID #: 110-13.

Although R.C. § 2307.71(A)(13) abrogates common law product liability claims, there is an exception: consumers not in privity with the manufacturer seeking economic damages suffered due to damages to the product in question may bring common law claims. *Meta v. Target Corp.*, 74 F.Supp.3d 858, 861 (N.D.Ohio 2015) (Nugent, J.). Ohio law defines "economic loss" as "direct, incidental, or consequential loss, including, but not limited to, damage to the product in question, and nonphysical damage to property other than that product." R.C. § 2307.71(A)(2). In addition, the definition explicitly excludes "harm." *Id.*

(4:17CV1894)

Only one of Plaintiff's claims allege economic loss related to the patio set. In Count VI, the unjust enrichment claim, Plaintiff alleges "Plaintiff and members of the proposed class ... did not receive the goods for which they paid." ECF No. 1 at PageID #: 22. Counts IV, V, and VII make no allegations regarding economic damages. Therefore, Counts IV, V, and VII are precluded under R.C. § 2307.71(A)(13), but Count VI is not.[5]

Even so, Count VI, Plaintiff's unjust enrichment claim, also fails, because Plaintiff's complaint fails to allege that B.C. provided any benefit to Defendant. Plaintiff's complaint alleges that she, not B.C., purchased the patio set. ECF No. 1 at PageID #: 4. Therefore, Plaintiff's claim cannot survive. *See Poston on behalf of Poston v. Shelby-Love*, 2017-Ohio-6980, —N.E.3d—, 2017, ¶ 21 (Ohio Ct. App. 2017) (holding that son of testator could not maintain unjust enrichment claim against beneficiary, because there was no evidence that son ever conferred a benefit upon beneficiary).[6]

### C. Count VIII: Ohio Products Liability Act Claim

As to the final count in Plaintiff's complaint, Defendant argues that Plaintiff has failed to make the allegations necessary to state a claim under the Ohio Products Liability Act. ECF No. 12 at PageID #: 113-14. Specifically, Defendant asserts that Plaintiff's failure to allege the existence of a feasible alternative design dooms Plaintiff's claim. *Id*. In response, Plaintiff

---

[5] Plaintiff may argue that she can amend Counts IV, V, and VII to allege damages to personal property, but amendment would prove futile, because those are claims that belong to Plaintiff, not B.C. Were Plaintiff to bring those claims herself, they would be untimely, as the damage occurred in 2009. *See* R.C. § 2305.10(A) (prescribing two-year statute of limitations for actions involving injury to personal property).

[6] Much like Counts IV, V, and VII amendment would prove futile, as Plaintiff's claim would be untimely.

(4:17CV1894)

contends that she need not make such an allegation, because the issue of alternative design is a fact issue that requires discovery. ECF No. 21 at PageID #: 169. Defendant counters by stating that its argument focuses on pleading, not proof. ECF No. 22 at PageID #: 177.

*McGrath v. GMC*, 26 F.App'x 506 (6th Cir. 2002), the case serving as the lynchpin of Defendant's argument, was a summary judgment case, not a motion to dismiss case. Thus, *McGrath* does not address pleading requirements. The Sixth Circuit did not hold that a plaintiff must *plead* an alternative design; it held that Plaintiff must *prove* an alternative design. Id. at 510. Defendant fails to cite to a case holding that plaintiff must plead an alternative design in a products liability action. Moreover, *Oblak v. Integra Lifesciences Corp.*, No. 16-CV-1832, 2017 WL 1831098, at *2 (N.D.Ohio May 4, 2017) (Nugent, J.), a case upon which Plaintiff relies, did not hold that a plaintiff must plead an alternative design. Rather, it held that "[m]anufacturing and design defect claims require allegations that the defendant manufactured the product; that the product was used by the plaintiff, that the product failed while being used by the plaintiff; and, that the portion of the product that failed could be identified and is so identified in the complaint." Id. (collecting cases). Plaintiff's complaint contains allegations sufficient to satisfy this standard. Consequently, this claim survives.

### IV. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion to dismiss. The motion is granted as to all counts except Count VIII, the Ohio Products Liability Act claim. Thus, all of Plaintiff's claims except Count VIII are dismissed with prejudice. Additionally, the claims of absent putative class members are dismissed without prejudice for all

(4:17CV1894)

Counts, except Count VIII.  The Court will schedule a telephonic case management conference to complete the case management schedule.

IT IS SO ORDERED.

 February 28, 2018  
Date

 /s/ Benita Y. Pearson  
Benita Y. Pearson  
United States District Judge